UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. HAYES,

Plaintiff,

v.

NAGMA, et al.,

Defendants.

Case No. 25-cv-08028-EKL

**ORDER SCREENING AND SERVING COMPLAINT**

Plaintiff Kevin L. Hayes, a state prisoner, filed this *pro se* civil rights lawsuit raising claims of deliberate indifference against several correctional officers at Correctional Training Facility – Soledad. *See* ECF No. 1. The complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court ORDERS SERVICE of the complaint.

## I.      LEGAL STANDARDS

### A.      Standard of Review

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims, which are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. § 1915A(b)(1)-(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.    Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act, or fails to perform an act that he is legally required to do, causing the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

## II.    PLAINTIFF'S ALLEGATIONS

Hayes alleges in his complaint that shortly after September 12, 2024, he was moved to B-Wing, where his cell had an electric outlet that would "come out with the cord" each time he tried to use it. ECF No. 1 at 3. The outlet "blew out" three light bulbs. *Id*. On September 15, 2024, Hayes complained about the outlet to Defendants Nagma and Flores, both correctional officers assigned to second watch. *Id*. Nagma and Flores allegedly informed Hayes that they would place a work order. *Id*. A week later, Hayes told Defendants Vega and K. Alvarado about the outlet. *Id*. Vega told Hayes that he would place a work order. *Id*. Hayes approached Nagma about the

outlet again on March 8, 2025, but Nagma told Hayes that the issue could not be fixed at that time because it was the weekend. *Id.* at 4. Hayes filed a grievance about the electric outlet on March 10, 2025. *Id.* at 4. Two weeks later, an electrician fixed the outlet and allegedly told Hayes that he learned about the outlet due to Hayes' grievance, and that no prior work order had been sent to him. *Id.* at 5.

Hayes alleges that he was twice shocked by the outlet before it was fixed, and that he now experiences numbness on part of his left hand. ECF No. 1 at 4. Hayes states that he worked with a physical therapist for several months but the damage to his hand appears to be permanent. *Id.* He seeks monetary damages. *Id.* at 3.

## III.    ANALYSIS

It is well established that under the Eighth Amendment, prison officials have a duty to take reasonable steps to protect prisoners from physical harm. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). The failure of prison officials to protect prisoners from dangerous conditions at the prison violates the Eighth Amendment when (1) the deprivation alleged is, "objectively, sufficiently serious," and (2) the official is, subjectively, deliberately indifferent to the prisoner's safety. *Id.* at 835. "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Liability may follow only if a prison official "knows that [the prisoner] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Liberally construing the allegations in the complaint and making all reasonable inferences in his favor, Hayes' allegations that he (1) repeatedly notified Defendants regarding the state of his outlet to no avail for several months, and (2) seriously injured his hand when the outlet shocked him before it was fixed, state a cognizable claim of deliberate indifference. *See Farmer*, 511 U.S. at 847.

## IV.    CONCLUSION

The Court orders as follows:

    1. Hayes states a cognizable claim of deliberate indifference against Defendants Nagma, Flores, Vega, and K. Alvarado.

United States District Court
Northern District of California

1. Defendants shall be SERVED.

    a. Service shall proceed under CDCR's e-service pilot program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents:  the operative complaint (ECF No. 1), this order, a CDCR Report of E-Service Waiver form, and a summons.

    b. No later than **45 days** after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court whether defendants will be waiving service of process without the need for service by the United States Marshal Service ("USMS") or whether any defendant declined to waive service.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office, which, within **21 days of service**, shall file with the Court a waiver of service of process for the defendants waiving service.

    c. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 form and copies of this order, summons, and operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

    d. Additionally, the Clerk shall mail a copy of this order to Hayes.

2. In order to expedite the resolution of this case, the Court orders the following briefing schedule:

    a. No later than **90 days** from the date of service, Defendants will file a motion for summary judgment or other dispositive motion.  The motion will be supported by adequate factual documentation, shall conform in all

United States District Court
Northern District of California

respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Hayes.

b.  At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

c.  Hayes' opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him. Hayes must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If Defendants file a dispositive motion claiming that Hayes failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

d.  If Defendants wish to file a reply brief, they shall do so no later than **14 days** after the opposition is served upon them.

e.  The motion shall be deemed submitted as of the date the reply brief is due. Absent a further order of the Court, no hearing will be held on the motion.

3. All communications by Hayes with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

5. It is Plaintiff's responsibility to prosecute this case.  Hayes must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address."  He must also comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 18, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

6

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.